MISSOURI PACIFIC RAILROAD COMPANY *v.* PENNINGTON.

Opinion delivered July 13, 1931.

*R. E. Wiley* and *Henry Donham,* for appellant.

*J. H. Lookadoo,* for appellee.

HART, C. J., (after stating the facts).. This court has uniformly recognized that the operation of a railroad is a complicated business, and that it is necessary for the railroad company to make reasonable rules and regulations for its employees and to prescribe the duties which they are to perform. The court has also recognized that, like every other business, there are exigencies which are not anticipated and which require the employee to act for the immediate protection of his employer's interest, and that he has implied authority to make a contract in such cases which is reasonably necessary to carry out his prescribed duties. *St. L. I. M. & S. Ry. Co.* v. *Jones,* 96 Ark. 558, 132 S. W. 636, 37 L. R. A. (N. S.) 418; *Henry Quellmalz Lbr. & Mfg. Co.* v. *Hays,* 173 Ark. 43, 291 S. W. 982; and *Booth & Flynn* v. *Price,* 183 Ark. 978, 39 S. W. (2d) 717.

There is nothing in the duties usually performed by a station agent which would lead to the conclusion that he had authority to make a contract with a person to remove an automobile or other thing from the right-of-way of a railroad and to store it. In the present case, however, the situation, as shown by the undisputed evidence, was one with which the assistant station agent was suddenly confronted and which had a tendency to seriously interfere with the traffic over the line of the defendant's railroad, and to endanger the lives of passengers and train operatives. The assistant station agent had the authority to act in the place of the station agent

during his absence and could make any contract which the station agent was authorized to do under the circumstances. The assistant station agent, as an agent of the defendant, had the implied authority to remove the wrecked automobile from the tracks of the defendant's line of railroad so as not to endanger the lives of passengers and train operatives who might pass over the line of railroad at that place. It may be inferred from the evidence that the assistant station agent knew that Cargile, the owner of the automobile, had been injured in the wreck and had been removed from the scene thereof. The automobile had valuable parts which might be stripped from it if it was not protected. Under these circumstances, the assistant station agent had authority not only to engage the plaintiff to remove the wrecked automobile from the right-of-way of the defendant, but also to temporarily store it in his garage until the owner could be notified.

The evidence shows that the plaintiff soon afterwards notified Cargile that his automobile was stored in his garage, and Cargile told him that he would have nothing more to do with it. The plaintiff no longer had authority to keep the automobile in storage without a contract from an agent of the company who had express authority to make such a contract. He would only have been entitled to recover the cost of removing the wrecked car from the line of the company, his storage charges until he notified the owner of the car, who refused to take it, and the cost of removing the car from his garage to some junk pile in case the railroad refused to receive it. There was no testimony to warrant a verdict for $173 in favor of the plaintiff under the principles above announced. Therefore the judgment must be reversed, and the cause will be remanded for a new trial.